UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **CHAMBERS OF**<br>**ADAM B. ABELSON**<br>**UNITED STATES MAGISTRATE JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>**(410) 962-7750**<br>MDD_ABAchambers@mdd.uscourts.gov |

May 30, 2024

To:      Counsel of Record

Subject:   Grant Heilman Photography, Inc. v. The Tree Center, LLC
          Civil No.: ABA-23-3171-ABA

Dear Counsel:

As I mentioned in my letter order of today's date, I am providing you with my informal discovery dispute procedure. The parties should only use the expedited process detailed below for any disputes that remain after the parties' good faith effort to resolve the dispute on your own. Please do not file any discovery motions until this process has been followed and I advise you that formal briefing is necessary.

My informal discovery dispute procedure is as follows:

**You are required to attempt to resolve any discovery disputes among yourselves in the first instance. If you are unable to do so, you may:**

1. File a **joint** brief letter (not to exceed one page) advising me that you would like me to resolve a discovery dispute (noting the nature of the dispute), confirming that you have attempted to resolve it on your own and that you have held a Local Rule 104.7 conference. This requirement contemplates a discussion between counsel, not an email exchange.

2. Within 24 hours of sending the joint letter noted above, counsel involved in the discovery dispute shall file short letters (not to exceed three pages) setting forth their respective positions. You are not to "reply" to each other's letters. This procedure contemplates that you will file your letters contemporaneously and that you are already familiar with the other party's position by virtue of your conference. If the dispute pertains to requests for production of documents, interrogatories, or requests for admission, please attach a copy of the responses (and, if information from the requests, such as definitions, are pertinent to the dispute and are not reflected in the written responses, then attach the requests as well). Do not file other attachments to your letters unless I have granted permission in advance. Any request should detail what it is you request permission to attach, including its length and the need for it.

3. Upon review of these letters, I will determine whether a telephone conference is necessary to resolve the dispute. If not, I will resolve the dispute. If so, my chambers will contact you with a timeframe for when I am available for a conference call.

4. If I advise counsel that I would like to have a telephone conference, the parties should confer and report to my chambers the date and time, within that timeframe, when all counsel are available and will be contacting chambers.

5. It shall be the responsibility of plaintiff's counsel to arrange for a conference call at the prescribed time.

6. Unless otherwise noted on the notice of hearing, I will not make an audio recording of the hearing. If a party desires that the hearing be recorded, it will be the responsibility of that party to have a court reporter present in your office. In such event you must advise me and opposing counsel in advance of the hearing that a record will be made.

I will do my best to resolve as many discovery disputes as I can in this informal manner. If, however, I determine that the issues are too complicated for me to do so after hearing from you, or after review of the letters submitted pursuant to paragraph 2 above, I will direct that the procedures for formal briefing be followed.

Despite the informal nature of this letter, it will constitute an order of the Court and will be docketed accordingly.

Sincerely,

_____/s/_____
Adam B. Abelson
United States Magistrate Judge